**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN UYENO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GENERAL MOTORS, LLC, et al,<br><br>　　　　　Defendant. | Case No. 3:23-CV-1555-L-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND [ECF NO. 8]** |

　　　Pending before the Court is a Motion to Dismiss (Mot. [ECF No. 8]) filed by Defendant General Motors ("GM") in this action asserting California state law claims for breach of warranty, fraud, and violations of the Song Beverly Act and California Business and Professions Code § 17200 in connection with a car lease. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).  [*See* ECF No. 1.]

　　　Defendant argues that Plaintiff's fraud claims must be dismissed for failure to plead with particularity required under Federal Rule of Civil Procedure 9(b). (Mot. at 3-4). Plaintiff does not oppose the substance of Defendant's Motion but seeks leave to amend the Complaint to assert additional factual allegations in support of his fraud claims. (Oppo at 4-5 [ECF No. 9.]) In its Reply, GM opposes Plaintiff's request arguing leave to amend would be futile.  ([ECF No. 11.])

Rule 15 provides that "leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 99th Cir. 2003). In deciding whether to grant leave to amend, the Court should consider the following:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

> Not all of the factors merit equal weight. [I]t is the consideration of prejudice to the opposing party that carries the greatest weight. ... Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

*Eminence Capital*, 316 F.3d at 1052.

Plaintiff has not previously amended his complaint, and GM does not contend that it would be prejudiced if leave to amend were granted. The only argument advanced for denying leave to amend is that amendment would be futile as to the fraud claims. Accordingly, GM must overcome the presumption favoring leave to amend. *See Eminence Capital*, 316 F.3d at 1052. "[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R, Co.,* 881 F.3d 1122, 1134 (9th Cir. 2018). A proposed amendment is not futile if it is likely to survive a Rule 12(b)(6) motion to dismiss. *See Sonoma County Assoc. of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013); *see also Krainski v. Nevada*. 616 F.3d 963, 972 (9th Cir. 2010) (applying *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).)

/ / / / /

    Dismissal with leave to amend is warranted here because Plaintiff has not yet amended his complaint and has shown that amendment may cure pleading deficiencies by pleading the how, when, where, to whom and by what means the alleged fraud occurred in an amended complaint, including that GM knew of battery fires in electric vehicles over one year prior to Plaintiff's lease and did not disclose the risk of fire to Plaintiff. (*See* Oppo at 2.) Although the parties disagree whether Plaintiff can adequately allege the requisite transactional relationship with GM to state a fraud claim based on non-disclosure, this issue, if still relevant after amendment, is reserved for further briefing at that time.

    Considering the above, the Court GRANTS the Motion to Dismiss without prejudice and with leave to amend. Should Plaintiff choose to file an amended complaint, he must do so no later than August 26, 2024.

    **IT IS SO ORDERED.**

Dated:  August 14, 2024

_____
Hon. M. James Lorenz
United States District Judge